# Richmond

## J. Lawrence Lyle, Sr. v. S. B. Andrews.

September 2, 1976.

Record No. 751080.

Present, All the Justices.

*Jack D. Maness,* for plaintiff in error.

No brief or argument for defendant in error.

Case submitted on brief for plaintiff in error.

Per Curiam.

In this appeal we construe the terms of a contract for the sale of realty to determine whether, upon refusal by the purchaser to close the transaction, he became liable for a real estate brokerage commission.

On June 1, 1970, Woodlawn Beach Development Corporation (Woodlawn), seller, and S. B. Andrews, purchaser, entered into a contract for the sale and purchase of certain real estate. The contract

provided for a real estate commission of $950 payable to J. Lawrence Lyle, Sr., by Woodlawn, or, in the event of default under the contract, by the defaulting party. Andrews deposited $200 in escrow with Lyle, to be applied on the purchase price.

In examining the title to the property, the purchaser's attorney discovered and reported to Woodlawn that a prior deed, dated October 20, 1960, and recorded several months later, contained an incomplete certificate of acknowledgment, in that the notary public had failed to record the day and the month when the signatures of the grantors therein had been acknowledged. Woodlawn insisted that the defect in the acknowledgment did not affect the marketability of title, declined to assist Andrews to have the omission corrected, and tendered a deed for the property which Andrews refused to accept.

In 1971, Andrews filed a motion for judgment against Lyle in the Municipal Court (now the General District Court) of the City of Virginia Beach to recover the $200 deposit. Lyle filed a counterclaim in which he stated that he had applied the deposit, upon Andrews' default, on the real estate commission, and was entitled to judgment for the balance of the commission in the sum of $750. That court dismissed Andrews' motion for judgment and awarded Lyle judgment for the full amount of his counterclaim. Andrews appealed to the trial court, which then heard the case without a jury.

The trial court ruled that the title was marketable, but that Woodlawn had a duty under the contract to assist Andrews' attorney to remove any valid title defects, and that since the attorney had advised his client that title was defective, the refusal by Andrews to consummate the transaction was not a breach of contract subjecting him to liability for the real estate commission. Lyle has appealed the judgment entered on May 7, 1975, for Andrews on his motion for judgment and against Lyle on his counterclaim.

The facts are not in dispute. Woodlawn was ready, willing and able to close the sale, but Andrews declined, on advice of counsel, to accept the tendered deed until the defect in the earlier deed was corrected. Andrews demanded the return of his $200 deposit, but was notified by Woodlawn that the deposit was forfeited because of his breach of the purchase contract. In 1974, while the litigation was pending, Andrews sought to purchase the property for the original contract price, but he was informed by Woodlawn that, due to appreciation in value of the property, it would not be sold to him for that amount.

An expert witness called by Lyle testified that, in his opinion, the incomplete acknowledgment in the 1960 deed did not affect the

marketability of title and that, in any event, such defect was cured by the provisions of Code § 55-125.1,[1] in effect in 1970. There was also evidence that a policy insuring title to the property could have been obtained by the purchaser, notwithstanding the defective acknowledgment.

We have held that the burden is on the seller, when apparent defects are called to his attention, to remove the defects or to show that his title to real estate is otherwise marketable. *Madbeth, Inc. v. Weade*, 204 Va. 199, 203, 129 S.E.2d 667, 670 (1963). Here, there was no necessity for removing the defect. Since the curative statute removed any legitimate objection to the defective certificate of acknowledgment in the 1960 deed, the title was marketable, as Woodlawn informed Andrews and his attorney. Therefore, the trial court erred in ruling that Woodlawn had a duty to assist Andrews' attorney in correcting what had already been corrected by statute.

The court also erred in ruling that Andrews did not breach the contract. Where the title was clearly marketable, Andrews may not escape liability for his default under the contract by interposing the erroneous advice of his attorney that title was defective, advice that he subsequently chose to ignore when he sought unsuccessfully to revive the transaction.

We hold that Andrews is liable to Lyle, under the terms of the 1970 contract, for the full real estate commission of $950. Accordingly, we will reverse the judgment of the trial court and here enter final judgment for Lyle on his counterclaim for $750.

*Reversed and final judgment.*

---

[1] Code § 55-125.1, enacted into law by Acts 1968, c. 297, provides as follows:

"All certificates of acknowledgments to deeds . . . by notaries public . . . which omit the citation of the date of the deed or certificate where it is clear from the content of the entire certificate and the instrument which has been acknowledged that the identity of the instrument or the certificate is the same, or if it can reasonably be inferred from the certificate of the person recording the instrument . . . that the certificate refers to the same instrument, shall be held and the same hereby [are] declared valid and effective in all respects, if otherwise valid according to the law then in force . . . and all such deeds . . . which have been admitted to record in any clerk's office in the State . . . shall be held to be duly and regularly recorded . . . ."